UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LAUREN ANDREWS, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-1840** |
| **AMERCO, et al.** | **SECTION: "G"(4)** |

## ORDER AND REASONS

Before the Court is Plaintiffs Lauren Andrews and Charles Thompson's ("Plaintiffs") Motion for Remand,[1] wherein they claim that this action has been improperly removed to federal court and should therefore be remanded to state court. After considering the motion, the memorandum in support, the opposition, Plaintiffs' supplemental memorandum in support, Defendants' surreply, Plaintiffs' surreply, the record, and the applicable law, the Court will grant the motion and remand this matter.

## I. Background

### *A. Factual Background*

Plaintiffs in this action are both Louisiana citizens.[2] In the Petition for Damages filed in the Twenty Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana, Plaintiffs made the following parties defendants, and alleged their citizenship as follows: (1) AMERCO, a parent company of U-Haul International, Inc., a Nevada corporation; (2) U-Haul International, Inc., a Nevada corporation; (3) U-Haul Co. of Louisiana, a Louisiana corporation; and (4) Gregson, LLC,

---

[1] Rec. Doc. 13.

[2] Rec. Doc. 1-2.

an Arkansas limited liability company (collectively, "Defendants").[3] Plaintiffs claim that on June 5, 2011, plaintiff Lauren Andrews rented a U-Haul trailer from defendant Gregson, LLC, who was acting as an agent for defendants AMERCO, U-Haul International, Inc., and U-Haul Co. of Louisiana on a one way rental from Arkansas to Louisiana with Charles Thompson.[4] Plaintiffs allege that the trailer was hitched to Lauren Andrews's vehicle by an employee of Gregson, LLC, "without being adjusted until [Plaintiffs] were passing through Vicksburg, MS on Interstate 20."[5] Plaintiffs aver that after "passing over a dip in the roadway, suddenly and without warning the trailer became unhitched and unsecured from the vehicle causing the vehicle to swerve and roll over causing severe injuries to [Plaintiffs]."[6]

Plaintiffs allege that the accident was caused by the fault and negligence of Defendants for failing to property secure the trailer to the vehicle, providing an inadequate warning, manufacturing a defective product, designing a defective product, and they seek relief under Louisiana law.[7]

***B. Procedural Background***

On July 13, 2012, Defendants, including U-Haul Co. of Louisiana, were listed on a notice of removal to this Court.[8] Defendants based removal on diversity. In the notice of removal to this Court, Defendants allege that U-Haul International, Inc. is actually an Arizona corporation, instead

---

[3] *Id.* at ¶ 1. The Court notes that the citizenship of Gregson, LLC was not properly pled in the Petition as the citizenship of a limited liability company is determined by the citizenship of its constituent members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008). However, Gregson, LLC's citizenship is later properly alleged in the notice of removal.

[4] Rec. Doc. 1-2 at ¶ 2.

[5] *Id.*

[6] *Id.*

[7] *Id.* at ¶¶ 3-4

[8] Rec. Doc. 1.

of a Nevada corporation as stated in the Petition by Plaintiffs, and list Gregson, LLC's constituent members, who are all residents of Arkansas.[9] Defendants concede that U-Haul Co. of Louisiana is a Louisiana corporation, but claim that it was "fraudulently joined" and therefore must be disregarded for purposes of determining diversity.[10] Defendants argue that Plaintiffs joined U-Haul Co. of Louisiana in an attempt to destroy diversity, because it has no connection to this lawsuit.[11] Further, Defendants argue that U-Haul Co. of Louisiana has no liability in this suit because (1) it did not rent the trailer to Plaintiffs; (2) did not connect the trailer to Plaintiffs' vehicle; (3) did not oversee the dealership that rented the vehicle; (4) did not manufacture the trailer; (5) did not design the warnings on the trailer; and (6) does not own the trailer.[12]

On August 6, 2012, Plaintiffs filed the pending motion to remand.[13] On August 21, 2012, defendants AMERCO, U-Haul International, Inc. and Gregson, LLC filed an opposition to the motion to remand.[14] With leave of court, Plaintiffs filed a supplemental memorandum in support of the motion to remand.[15] On September 18, 2012, Defendants, including U-Haul Co. of Louisiana,

---

[9] *Id.* at pp. 1-2.

[10] *Id.* at p. 2.

[11] *Id.* at p. 3.

[12] *Id.* at p. 5.

[13] Rec. Doc. 13.

[14] Rec. Doc. 16.

[15] Rec. Doc. 21.

filed a surreply in opposition to the motion to remand.[16] On September 21, 2012, Plaintiffs filed a surreply to Defendants' surreply.[17]

## II. Parties' Arguments

In support of the pending motion, Plaintiffs claim that the notice of removal was untimely because it was filed more than thirty days after service of process to defendants U-Haul International, Inc. and AMERCO on June 4, 2012 and Gregson, LLC on June 11, 2012.[18] Plaintiffs argue (incorrectly) that under 28 U.S.C. § 1446(b), a notice of removal in a civil action must be filed within thirty days after receipt of service of the initial pleading, and under Fifth Circuit precedent, in cases with multiple defendants, notice of removal must be filed within thirty days of service of the first served defendant.[19] Plaintiffs stress that the notice of removal states that it was filed within thirty days after U-Haul Co. of Louisiana was served, "a non-diverse defendant who could not have properly removed this case in any event," but that notice is still untimely because it was filed more than thirty days after the service of the other defendants.[20] Plaintiffs claim that Defendants' assertions that U-Haul Co. of Louisiana was fraudulently joined are "moot" for this motion, because the notice of removal was still untimely.[21]

However, Plaintiffs briefly address the issue of fraudulent joinder, and argue that it may only be invoked if the removing party can prove either (1) actual fraud in the pleading of jurisdictional

---

[16] Rec. Doc. 25.

[17] Rec. Doc. 29.

[18] Rec. Doc. 13-1 at p. 2.

[19] *Id.* (citing *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1263 (5th Cir. 1988)).

[20] *Id.* at pp. 2-3.

[21] *Id.*

4

facts; or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court.[22] To succeed on the second factor, the removing defendant must demonstrate that "there is no possibility of recovery by the plaintiff against the in-state defendant."[23] Plaintiffs claim that they have asserted a cause of action against U-Haul Co. of Louisiana for fault and negligence "as a custodian of a defective thing."[24] Plaintiff argues that for the Court to make a determination on U-Haul Co. of Louisiana's inclusion in this case would necessitate the resolution of disputed issues of material fact, which is not appropriate on a motion to remand. Plaintiff claims that there are "serious issues to be explored through discovery regarding the fault of U-Haul Co. of Louisiana," including (1) whether U-Haul Co. of Louisiana was acting as an agent or alter ego of U-Haul International, Inc.; or (2) whether U-Haul Co. of Louisiana had "custody' of the defective trailer for purposes of the imposition of fault under La. Civ. Code art. 2317.[25]

In opposition, AMERCO, U-Haul International, Inc. and Gregson, LLC (collectively "Diverse Defendants") argue that the case law relied upon by Plaintiffs to claim untimeliness is "outdated and inapplicable to this case."[26] Specifically, Diverse Defendants claim that the case Plaintiffs cite in support of their untimeliness argument has been superseded by the Federal Courts Jurisdiction and Venue Clarification Act of 2011,[27] which allows the removal period to be triggered

---

[22] *Id.* (citing *Smallwood v. Illinois Ctr. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004)).

[23] *Id.* (quoting *Smallwood*, 385 F.3d at 573).

[24] *Id.* at pp. 3-4.

[25] *Id.* at p. 5.

[26] Rec. Doc. 16 at p. 2.

[27] Pub. L. 112-63, 125 Stat. 758, Sec. 103.

5

by the date of service on the last-served defendant.[28] Diverse Defendants explain that the Federal Courts Jurisdiction and Venue Clarification Act of 2011 amended 28 U.S.C. § 1446(B) and (C), the provisions governing the timeliness of removal, to read:

> (B) Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.
>
> (C) If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.

Diverse Defendants further explain that this act became effective on January 6, 2012 and applies to all cases filed in state courts after that date.[29] Diverse Defendants cite to a recent decision from a district court within the Fifth Circuit that acknowledged that the new legislation superceded the "First-Served Defendant" rule previously employed by the Fifth Circuit, and instead requires courts to follow a "Last-Served Defendant" rule.[30] Therefore, Diverse Defendants claim that the removing defendants complied with all applicable law and filed a timely notice of removal.

Diverse Defendants again address the issue of U-Haul Co. of Louisiana's alleged fraudulent joinder. Diverse Defendants contend that in the memorandum in support, Plaintiffs "essentially concede that they have no knowledge of U-Haul Co. of Louisiana's connection to this lawsuit, and ask for discovery in the hopes that they can establish such a connection."[31] Diverse Defendants aver that "no amount of discovery will allow Plaintiffs to establish any connection between U-Haul Co.

---

[28] Rec. Doc. 16 at p. 2.

[29] Rec. Doc. 16 at p. 3 (citing Pub. L. 112-63, 125 Stat. 758, Sec. 105).

[30] *Id.* at pp. 3-4 (citing *Elchehabi v. Chase Home Fin.*, No. 12-1486, 2012 WL 3527178 (S.D. Tex. Aug. 15, 2012)).

[31] *Id.* at p. 5.

6

of Louisiana and the facts of this case," because U-Haul Co. of Louisiana "did not carry out <u>one single action</u> related to this lawsuit as an agent for [U-Haul International, Inc.]."[32] Further, Diverse Defendants attach the affidavit of Patrick Allen, who claims that U-Haul Co. of Louisiana never had custody or possession of the subject trailer at any time relevant to this lawsuit.[33] Diverse Defendants also claim that Plaintiffs' request for discovery is a "fishing expedition," and such requests have been rejected in fraudulent joiner situations.[34]

In Plaintiffs' supplemental memorandum, Plaintiffs argue that Diverse Defendants' arguments made in opposition fail because the amended 28 U.S.C. § 1446(B) and (C) only allow an earlier-served defendant to *consent* to removal – not remove the action themselves after 30 days from when they were served – and that they cannot consent to the removal of an action based on diversity when the removing defendant is a Louisiana corporation that is not diverse from Plaintiffs.[35] Plaintiffs contend that as a non-diverse party, U-Haul Co. of Louisiana may not remove an action. Further, Plaintiffs claim that it was only Diverse Defendants that removed this action, because in the notice of removal it is explicitly stated that the removing defendants received the consent of U-Haul Co. of Louisiana to removal.[36] Therefore, Plaintiffs argue that in fact the earlier-served Diverse Defendants filed the notice of removal, contrary to what the law allows and therefore "the removal sought by these defendants is untimely and cannot be bootstrapped into a timely filed

---

[32] *Id.* at pp. 5-6 (emphasis in original).

[33] *Id.* at p. 6.

[34] *Id.* at p. 7 (citing *Smith v. Chevron*, No. 04-1020, 2004 WL 1488569 (E.D. La. July 1, 2004)).

[35] Rec. Doc. 21 at pp. 1-2.

[36] *Id.* at p. 2.

7

removal by arguing that the 'consented' to removal by a non-diverse defendant who has no right to remove."[37]

Defendants, including U-Haul Co. of Louisiana, argue that the "forum-defendant" rule does not prevent removal by a fraudulently joined defendant.[38] Defendants argue that Plaintiffs incorrectly rely on 28 U.S.C. § 1441(b)(2), which reads:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

Defendants maintain that this provision is not applicable because U-Haul Co. of Louisiana is not "properly joined" here. Defendants cite *Bova v. United States Bank, N.A.*,[39] from the Southern District of Illinois, to support their assertion that when a resident defendant is fraudulently joined, the "forum defendant" is irrelevant. Further, Defendants claim that the "fact that a fraudulently joined resident defendant removed a case to federal court based upon diversity jurisdiction does not, alone, render the removal procedurally defective."[40]

In Plaintiffs' surreply to Defendant's surreply, Plaintiffs argue that the notice of removal was "filed solely by diverse defendants more than thirty days after service with the express acknowledgment that, although consent to the removal by U-Haul Co. of Louisiana was not required because it was a not [sic] diverse Louisiana Corporation alleged to be 'fraudulently joined,' such

---

[37] *Id.* at p. 3.

[38] Rec. Doc. 25 at p. 1.

[39] 446 F.Supp. 2d 926, 931-32 (S.D. Ill. 2006)

[40] Rec. Doc. 25 at p. 3 (citing *Morena Energy, Inc. v. Marathon Oil Co.*, No. 11-4518, 2012 WL 3205618 (S.D. Tex. Aug. 3, 2012)).

consent was obtained nevertheless."[41] Plaintiffs further claim that it was only after Plaintiffs objected to the untimely removal that "defendants have sought to 'rewrite' the Notice of Removal asserting that this case was timely removed by U-Haul Co. of Louisiana with the non-diverse[42] defendants 'consenting' to the removal."[43] In addition, Plaintiffs clarify that they are not relying on the 28 U.S.C. 1441(b)(2), which prevents an in-state defendant from removing to federal court, because in that situation, diversity of citizenship is presupposed. Here, Plaintiffs dispute the existence of diversity.[44]

Plaintiffs maintain that even if the Court was to assume that U-Haul Co. of Louisiana filed the notice of removal, and it was fraudulently joined, "then it had no standing to seek removal, and that it may not remove because the federal court has no subject matter over that defendant."[45] Plaintiffs further argue that if U-Haul Co. of Louisiana was not fraudulently joined, then this Court does not have subject matter jurisdiction because there is not complete diversity.

Finally, Plaintiffs cite to Fifth Circuit authority instructing courts to construe strictly removal statutes against removal.[46] Plaintiffs argue that a strict reading of 28 U.S.C. § 1446 (b)(2)(C) does not allow a later joined non-diverse defendant to remove.[47]

---

[41] Rec. Doc. 29 at p. 1.

[42] The Court assumes this was a mistake, and that Plaintiffs meant to say "diverse."

[43] *Id.*

[44] *Id.* at p. p. 3-4.

[45] *Id.* at p. 2.

[46] *Id.* at p. 4 (citing *Brown v. Demco, Inc.*, 792 F.2d 478, 482 (5th Cir. 1986)).

[47] *Id.*

9

## III. Law and Analysis

*A. Propriety of the Notice of Removal*

A defect in the procedure for removal, if timely asserted within 30 days, may be grounds for remand to state court.[48] It is not in dispute that the notice of removal was filed more than thirty days after service upon Diverse Defendants. Plaintiffs claim that the notice of removal was filed by Diverse Defendants, and is therefore untimely. Again, 28 U.S.C. § 1446(b)(2)(B) and (C) reads:

> (B) Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.
>
> (C) If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.

As Plaintiffs have correctly stated, removal statutes are to be strictly construed against removal.[49] Moreover, "there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court."[50] Subsection (C) of 28 U.S.C. § 1446 only states that an earlier served defendant may ***consent*** to removal if initiated by a later-served defendant. It does not state that an earlier-served defendant may ***initiate*** a notice of removal if thirty days have lapsed since that defendant was served, but the time has not lapsed for another or later served defendant. And therefore, when thirty days after service has lapsed, a previously served defendant may not initiate removal, but may only consent to removal should a later-served defendant initiate the removal.

---

[48] *Catepillar Inc. v. Lewis*, 519 U.S. 61, 69 (1996).

[49] *Brown*, 792 F.2d at 862.

[50] *Coury v. Prot*, 85 F.3d 244. 248 (5 th Cir. 1996).

10

Here, the notice of removal lists AMERCO, U-Haul International, Inc., U-Haul Co. of Louisiana, and Gregson, LLC as the parties noticing the removal of this action.[51] However, attached to the notice of removal is a separate exhibit to inform the Court of U-Haul Co. of Louisiana's "joinder and consent" to the notice of removal.[52] No other party filed a similar consent or joinder, indicating to the Court that Diverse Defendants were in fact the movants of the notice of removal. It would not be logical for a party to file a separate consent or joinder to a notice of removal that it filed. Yet regardless of who filed the notice of removal, the resolution of this matter is likely the same.

As discussed above, Diverse Defendants could not have removed this action, but could only have consented to removal. Assuming, *arguendo*, that U-Haul Co. of Louisiana as a non-diverse party could remove, it was the only defendant who could still timely file a notice of removal based upon when it was served in this matter. Plaintiffs argue that as an non-diverse party, U-Haul Co. of Louisiana is a "non-party" and cannot remove.

In *Pate v. Adell Compounding, Inc.*,[53] the Middle District of Louisiana briefly addressed a similar, but slightly different, issue. In *Pate*, the plaintiff objected to an in-state party filing a notice of removal, claiming that as a non-party it had no standing to remove or seek jurisdiction in federal courts.[54] The court agreed with this proposition, but found that the notice of removal was proper because it was actually a diverse defendant who timely removed the case, and the in-state defendant

---

[51] Rec. Doc. 1 at p. 1.

[52] Rec. Doc. 1-3.

[53] 970 F.Supp. 542 (M.D. La. 1997).

[54] *Id.* at 548.

11

only joined to correct allegations regarding its principal place of business.[55]

In *Jewell v. Dudley L. Moore Insurance, Inc.*,[56] the Middle District of Louisiana addressed how a district court should consider the actions of non-diverse defendants in a diversity action, and stated that:

> [T]here can be no doubt that this federal court lacks the power to act upon any substantive motion submitted by a non-diverse party in a diversity case or to exercise subject matter jurisdiction over that party in any fashion. If the non-diverse party has not been fraudulently joined, the court must remand the case. If the non-diverse party has been fraudulently joined, the proper procedure is to simply ignore his presence; he is no longer considered a party defendant. In neither event will the federal court exercise jurisdiction as to the non-diverse party by motion or otherwise, for to do so would deprive the court of subject matter jurisdiction.[57]

More recently, in *Moreno Energy, Inc. v. Marathon Oil Co.*,[58] which Defendants have relied upon, the Southern District of Texas confronted the same issue before this Court of "whether an [allegedly] improperly joined, nondiverse defendant can remove a case arguing improper joinder."[59] Like Plaintiffs here, the plaintiff in *Moreno* cited *Jewell*. The court acknowledged, as this Court has, that *Jewell* did not directly address this question. However, the *Moreno* court declined to decide this issue because the notice of removal was actually filed by a diverse defendant, and the non-diverse defendant only noticed a deposition.[60]

This Court has not been presented with any case where a court has squarely decided this

---

[55] *Id.*

[56] 872 F.Supp. 1517 (M.D. La. 1995).

[57] *Id.* at 1520 (internal citations omitted).

[58] No. 11-4518, 2012 WL 3205618 (S.D. Tex. Aug. 3, 2012).

[59] *Id.* at *8.

[60] *Id.*

12

issue. While *Pate* and *Jewell* are not binding authority on this Court and did not directly address the issue of whether a non-diverse and allegedly fraudulently joined defendant may remove an action, they are persuasive, and reenforce Fifth Circuit precedent instructing district courts to construe removal statutes strictly and generally against removal.

Moreover, several sections of this Court have favorable cited *Jewell* for the principle that a federal court may not act upon any motion of a non-diverse party.[61] The parties have not directed the Court to Fifth Circuit precedent on this more narrow issue, nor has this Court found such authority. However, this Court is inclined to agree with Plaintiffs' assertions that a non-diverse defendant who claims to be fraudulently joined may not remove an action to federal court. Such a construction of the removal statutes would be consistent with Fifth Circuit precedent that disfavors removal and the principle that "[a]ny action taken by the court on a motion by a non-diverse party in a diversity case would inevitably be an action taken without subject matter jurisdiction."[62]

Regardless of which party or parties filed the notice of removal, the notice was likely defective. Either Diverse Defendants improperly moved to remove this action past the allowable period or U-Haul Co. of Louisiana was the party seeking removal, and as a non-diverse defendant, this Court should ignore its presence, but to do so would further enforce the principle that no subject matter jurisdiction exists. To put it another way, following the principles articulated in fraudulent joinder cases, if the Court were to find that the non-diverse defendant is the party that removed the action, its presence in the lawsuit for purposes of determining subject matter jurisdiction should be

---

[61] *See Augustine v. Alliance Ins. Agency Servs., Inc.*, No. 06-9062, 2007 WL 38320, at *2, n. 1. (E.D. La. Jan. 3, 2007) (Feldman, J.); *see also Comeaux v. Allstate Ins. Co.*, No. 06-10495, 2007 WL 1063238, at * 1 (E.D. La. Apr. 5, 2007) (Zainey, J.).

[62] *Jewell*, 872 F.Supp. at 1520.

13

ignored, and therefore the removal of the action would be untimely because Diverse Defendants, the only defendants this Court may consider, did not seek removal timely. Any other construction of the Last-Served Defendant rule to removal would spin the rule on its head and allow a party that arguably is not a party to the lawsuit to have the power to remove it. This Court also notes that if U-Haul Co. Of Louisiana had never been joined, as Diverse Defendants claim it should not have been, then Diverse Defendants would have no colorable claim to remove because each diverse defendant's thirty day window to file a notice of removal had elapsed.

## *B. Fraudulent or Improper Joinder*

Independent of which party could or could not have removed this action, removal would nonetheless be improper if U-Haul Co. of Louisiana is a proper defendant, because then diversity would not exist. Defendants have argued that U-Haul Co. of Louisiana was improperly joined. The Fifth Circuit has acknowledged two ways to establish fraudulent or improper joinder; "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[63] Defendants have not argued actual fraud, so the second option is the only theory before the Court.

For a defendant to prevail on this theory, it must prove "that there is no possibility of recovery by the plaintiff against an in-state [or non-diverse] defendant[. S]tated differently [this] means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state [or non-diverse] defendant."[64]

---

[63] *Smallwood*, 385 F.3d at 573.

[64] *Id.*

14

A district court may resolve this inquiry in two manners. First, the court may conduct a Rule 12(b)(6) inquiry by looking at the allegations in the pleading.[65] Second, in rare cases where a plaintiff has "misstated or omitted discrete facts that would determine the propriety of joinder," the district court "may, *in its discretion*, pierce the pleadings and conduct a summary inquiry."[66] The Fifth Circuit has been clear that such a "summary inquiry," while within the discretion of the district court, is not favored:

> While the decision regarding the procedure necessary in a given case must lie within the discretion of the trial court, we caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant. In this inquiry the motive or purpose of the joinder of in-state defendants is not relevant. We emphasize that any piercing of the pleadings should not entail substantial hearings. Discovery by the parties should not be allowed except on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity. Attempting to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits, as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the in-state defendant alleged to be improperly joined. Indeed, the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden.[67]

Beginning with a Rule 12(b)(6) inquiry, Plaintiffs' petition alleges that U-Haul Co. of Louisiana and Diverse Defendants are liable from injuries allegedly caused by a U-Haul trailer.[68] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

---

[65] *Id.*

[66] *Id.* (emphasis added).

[67] *Id.* at 573-74

[68] *See generally* Rec. Doc. 1-2.

15

defendant is liable for the misconduct alleged."[69] As a subsidiary of U-Haul International, Inc., it is "facially plausible" that U-Haul Co. of Louisiana could have some connection or liability to the trailer and incident that allegedly caused Plaintiffs' injuries.

In the notice of removal, Defendants attempt to refute any possibility of liability of U-Haul of Louisiana by directing the Court to several affidavits.[70] However, on a motion to dismiss, which is the standard that is applied to fraudulent joiner claims, "[a] court will not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts."[71] Perhaps acknowledging this, Defendants ask the Court to "pierce the pleadings,"[72] which as the Court stated earlier, is a disfavored procedure that lies within the district court's discretion.

In this matter, the Court exercises its discretion and declines to conduct a "summary inquiry" and consult matters outside the pleadings. There are many potential facts that could expose U-Haul Co. of Louisiana to liability in this action, and therefore a limited discovery to establish "discrete and undisputed facts that would preclude [Plaintiffs'] recovery," does not appear feasible.

Moreover, Defendants claim that "Plaintiffs apparently joined the fourth defendant, U-Haul Co. of Louisiana, for the sole purpose of avoiding diversity jurisdiction."[73] However, as noted above, this allegation is procedurally incorrect. The earlier served Diverse Defendants failed to remove this action within 30 days from when they were served, as is required by 28 U.S.C. § 1446. Instead, the

---

[69] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)).

[70] Rec. Doc. 1 at p. 5.

[71] *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

[72] Rec. Doc. 1 at p. 7.

[73] *Id.* at p. 3.

16

notice of removal claims to be timely because it was filed within 30 days of when U-Haul Co. of Louisiana was served.[74] Therefore, if U-Haul Co. of Louisiana had never been joined in this matter, as Diverse Defendants claim it should not have been, Diverse Defendants would certainly not have been able to remove because they did not remove within the required time limit. For all these reasons, the Court finds in favor of Plaintiffs and remands this matter to state court.

## IV. Conclusion

While it is unclear exactly which defendants filed the notice of removal, either possibility presents potential defects in removal. If Diverse Defendants were the movants, as the record indicates is the case, removal was defective because each diverse defendant had allowed its time to remove to lapse. Therefore, at the time of removal, they could only consent to removal. If U-Haul Co. of Louisiana was the removing party, its ability to do so as a non-diverse party is doubtful. However, because of the absence of definitive case law on this issue, the Court has reviewed whether U-Haul Co. of Louisiana was properly joined, because if it was, this Court would lack subject matter jurisdiction regardless of the propriety of the notice of removal. After consulting the relevant case law on this issue and examining the allegations in the petition, the Court finds that U-Haul Co. of Louisiana was not fraudulently or improperly joined, and as a result diversity does not exist. Therefore, this Court is without subject matter jurisdiction to hear this matter. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Remand[75] is **GRANTED**.

---

[74] *Id.* at pp. 1-2.

[75] Rec. Doc. 13.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Twenty Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana.

**NEW ORLEANS, LOUISIANA**, this 29th day of January, 2013.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**